Keith E. **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–94–00443–CR, 04–94–00444–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 25, 1995.

Rehearing Overruled Dec. 1, 1995.

---

Phillip, R. Spicer, Jr., Taylor, Spicer & Correa, P.C., San Antonio, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and LOPEZ, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

CHAPA, Chief Justice.

Appellant's Motion for Rehearing is granted, the opinion dated August 30, 1995, is withdrawn, and the following opinion is substituted therefor.

Appellant Keith Williams appeals two convictions for the offenses of Indecency with a Child involving two different complainant children. TEX.PENAL CODE ANN. § 21.11 (Vernon 1994). He was assessed punishment of imprisonment for two years, probated for seven years on all counts.[1]

The issues before this court are (1) whether the evidence is insufficient to support the charges, and (2) whether the trial court committed reversible error in overruling the appellant's objection to the jury argument of the prosecution.

Initially, appellant complains that the evidence is insufficient to support the charges primarily because the complainant children failed to describe the illegal sexual contact

---

1. The judgment erroneously recited that appellant was sentenced to seven years confinement, probated for seven years. See our discussion, *infra*, regarding reformation of the judgment.

with the term "genitals" as used in the indictment.

■ In reviewing for sufficiency of the evidence, we must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). "The definition of 'sexual contact' under the statute includes the touching of 'any part of the genitals' of a person." *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim.App.1977); *see* TEX.PENAL CODE ANN. § 21.01 (Vernon 1994) (defining sexual contact). "Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of Sec. 21.01, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses." *Clark,* 558 S.W.2d at 889. For example, "[w]hen the [complainant] testified that the appellant touched her 'front butt' as she defined it, this was sufficient to show that he had 'sexual contact' with her." *Id.*

■ This record reflects that the complainant children testified about the sexual contacts by the appellant using terms like "dick," "penis," and "private part." Clearly, these complainant children "sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of Sec. 21.01," which is sufficient to support the convictions. *Clark,* 558 S.W.2d at 889. The point is rejected.

Appellant insists that this court adopt the factual sufficiency test in *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd untimely filed), based on the point of error that complains of "insufficiency of the evidence." However, as this court pointed out in *Harris v. State,* 866 S.W.2d 316 (Tex. App.—San Antonio 1993, pet. ref'd), "the Court of Criminal Appeals has not addressed the question nor has this court." *Id.* at 328. Moreover, as in *Harris,* even if we were to adopt the *Stone* test, appellant would not be entitled to the relief he seeks because the evidence is factually sufficient to support the findings; that is, it is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ Appellant also contends that the trial court erred in overruling his objection to statements by the prosecution during closing argument, which he contends shifted the burden of proof to appellant by suggesting the defense was presenting "rabbit trails" as defenses. The record reflects that after conceding that it was clearly the burden of the State to prove its case beyond a reasonable doubt, the State remarked, "But let me ask you to do something for the State. You expect us to prove our case beyond a reasonable doubt. Maybe you could ask defense to at least present you with a consistent defense. We have something—We have a term called "rabbit trails...." The appellant then objected that the State was placing a burden upon the appellant which the law did not require, and the court pointed out that its charge sufficiently set out the burden upon the State. The appellant then failed to request any additional instruction or a request for a mistrial which is required to preserve error. *Cook v. State,* 858 S.W.2d 467, 473 (Tex.Crim.App.1993). Moreover, "[o]rdinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment." *McKay v. State,* 707 S.W.2d 23, 37 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). We do not consider the remark so inflammatory that it could not have been removed by an admonishment from the court.

Proper jury argument must fall within one of four general areas: summation of the evidence; reasonable deduction of the evidence; answer to argument of opposing counsel; and pleas for law enforcement. In order to constitute reversible error, the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence.

*Id.* at 36 (citations omitted). Although an additional instruction would perhaps have been in order, none was requested by the appellant and the instruction in the court's charge clearly set out that the burden was

upon the State. We hold that the alleged error, if any, was not extreme or manifestly improper, nor injected new and harmful facts into the evidence, and that the court's charge resolved the matter. No reversible error has been presented. *See id.* at 36. The point is rejected.

 In his motion for rehearing appellant contends for the first time that the formal judgment incorrectly reflects a *seven-year* sentence, probated for seven years, rather than the *two-year* sentence, probated for seven years, imposed by the jury and pronounced at trial by the judge. "This court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require." *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd); *see* TEX.R.APP.P. 80(b), (c). This authority to reform incorrect judgments is not dependent upon a party's request, nor does it depend on a party's objection at trial. *Id.* at 529–30. The record supports the appellant's contention. The judgment recites that the jury assessed punishment at two years confinement with a recommendation of probation; the statement of facts reveals that the jury assessed a two-year sentence and the judge pronounced this sentence; and the jury forms show a two-year sentence. The judgment then erroneously imposes a seven-year sentence. We therefore reform the sentence accordingly to reflect the punishment imposed by the jury and the trial court of confinement in the Texas Department of Criminal Justice Institutional Division for two years, probated for a period of seven years. *See Asberry,* 813 S.W.2d at 529–30; *Williams v. State,* 796 S.W.2d 793, 800 (Tex. App.—San Antonio 1990, no pet.).

The judgment is affirmed as reformed.