# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00025-CR

**Michael Seibert, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 600435, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Michael Seibert pleaded no contest to an information accusing him of assault with family violence. *See* Tex. Pen. Code Ann. § 22.01 (West 2003). The trial court found that the evidence substantiated appellant's guilt, deferred further proceedings, and placed him on community supervision. Less than thirty days later, the State moved to adjudicate, alleging that appellant had violated the terms of supervision by committing a second assault against the same complainant. Within that same thirty-day window, appellant filed his own request for final adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2003). Following a hearing, appellant's motion was granted. The court adjudicated appellant guilty and sentenced him to 360 days' incarceration. The court also found that this was a domestic violence assault.

By three points of error, appellant contends the trial court abused its discretion by considering evidence not in the record in assessing punishment, and that the court thereby denied

him his United States and Texas constitutional rights to confrontation and cross-examination. We will overrule these contentions and affirm.

Appellant's points of error are solely based on the wording of the court's order setting aside deferred adjudication. The order states that appellant violated the terms of his supervision by committing the subsequent felony offense of assault enhanced by prior family violence. Appellant correctly argues that no evidence regarding the second assault was introduced in evidence at the hearing below. In fact, the record reflects that the parties agreed that for the purpose of appellant's motion, the court should consider only the evidence that was before it at the original trial and not consider the subsequent assault alleged in the State's motion. The court did not consider or act on the State's motion to adjudicate.

The reporter's record conclusively reflects that the court did not consider the subsequent assault in assessing punishment. The court stated that it was considering the facts of the original assault as reflected in the offense report. After reading a passage of the report aloud, the court told appellant's counsel, "I find those – and it is to those facts that your client pled no contest to . . . . I will tell you sir that I find those facts atrocious . . . [and] in my opinion [it] is a horrific offense. And for the record it is those facts on which I base then my sentence." We find no indication in the hearing record that the court found the alleged subsequent assault to be true or considered the subsequent assault in assessing appellant's punishment in this cause.

Appellant's brief states that "counsel and the defendant were shocked when the trial judge jumped the sentence from 9 months probation to 360 days in county jail on the same facts, without the suggestion or insistence of the State's attorney." This may be true, but the court had

admonished appellant earlier in the hearing that he could receive up to a year in jail; appellant told the court he understood this. *See McNew v. State*, 608 S.W.2d 166, 176-77 (Tex. Crim. App. 1980) (op. on reh'g) (after proceeding to adjudicate, court may impose any punishment authorized by law).

It appears that whoever was responsible for preparing the court's order assumed that the court had proceeded to adjudication on the State's motion and that the court did not notice the error when it signed the order. Because it is clear from the record that the court acted on appellant's motion, we may modify the order to reflect what actually happened. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Williams v. State*, 911 S.W.2d 788, 791 (Tex. App.—San Antonio 1995, no pet.).

We overrule appellant's points of error, but we modify the order adjudicating guilt to state that the adjudication was made on the defendant Michael Seibert's motion and to delete the finding that Seibert committed the subsequent felony offense. It is further modified to reflect the court's domestic violence finding. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2003). As modified, the order is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed: August 14, 2003

Do Not Publish

3