COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-399-CR

 

ROBERT HARPER WYATT                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Robert Harper Wyatt
appeals his five-year sentence for indecency with a child.  In his sole point, appellant complains that
the evidence is legally insufficient to establish that he engaged in sexual
contact with the child.  We affirm.

II.  Background Facts








In 2004, Fred and Regina
Brisset were raising their granddaughter, K.H., who was eleven years old at the
time.  Appellant, a Tarrant County deputy
sheriff and a neighbor and friend of the Brissets, knew that K.H. was a minor,
that she was under seventeen years of age, and that she was enrolled in
elementary school.

On August 26, 2004, appellant
went to the Brisset home and sat down at the small, round kitchen table with
Fred.  Eventually, K.H. came into the
kitchen, said hello to appellant, and sat at the table.  K.H. was wearing pajama bottoms and a tee
shirt.  Immediately after K.H. sat down,
appellant moved closer to her and placed his hand on her leg under the
table.  Although Fred suspected that
something was wrong when he saw appellant=s arm move toward K.H., the tablecloth blocked his view.

While Fred and appellant
continued to talk, appellant moved his hand further up K.H.=s leg towards her Aprivate area.@  Appellant touched K.H.=s genitals over the pajama pants and moved his fingers in various
motions. Appellant also attempted to put his hand inside the waistband of K.H.=s pajama pants.  Although K.H.
tried to get out of the chair, appellant initially held her legs.  Eventually, however, K.H. jumped up from the
table, striking the nearby water cooler. 
K.H. immediately ran to Regina=s room and told her that appellant had placed his hand on her Aprivate.@








A grand jury indicted
appellant for indecency with a child by sexual contact on February 16,
2005.  On October 13, 2005, the jury
found appellant guilty of the charged crime. 
On October 14, 2005, the jury assessed appellant=s punishment at five years confinement and fined him $3,000, and the
trial court sentenced him accordingly.

III.  Legal Sufficiency of Evidence of Sexual
Contact With Child

Appellant, in his sole point,
argues that the evidence is legally 
insufficient to establish that he engaged in sexual contact with a
child.  Specifically, appellant argues
that K.H.=s testimony
was too unbelievable and inconsistent to justify the verdict.  

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the judgment in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).      








A person violates section
21.11 of the penal code if he engages in sexual contact Awith a child younger than 17 years [who is] not the person=s spouse.@   Tex.
Penal Code Ann. ' 21.11(a)
(Vernon 2003).  In section 21.11(c), Asexual contact@ means any
touching by a person, including touching through clothing, of the anus, breast
or any part of the genitals of a child, if committed with the intent to arouse
or gratify the sexual desire of any person. 
Id. ' 21.11(c)(1).

The evidentiary concerns
surrounding a victim=s childlike
testimony have been addressed by Texas courts. 
See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App.
1990); Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974).  The court of criminal appeals has stated
that, as a matter of public policy, Awe cannot expect the child victims of violent crimes to testify with
the same clarity and ability as is expected of mature and capable adults.@  Villalon, 791 S.W.2d at
134.  Accordingly, Texas courts regularly
uphold convictions even though the child-complainant=s testimony is childlike rather than technical or sophisticated.  See, e.g., id. at 134-35 (upholding as
sufficient evidence a child=s references to her genitals through anatomically correct dolls and as
Awhere I pee@).  AWhere the child has sufficiently communicated to the trier of fact
that the touching occurred to a part of the body within the definition of
[section] 21.01, the evidence will be sufficient to support a conviction
regardless of the unsophisticated language that the child uses.@  Clark v. State, 558
S.W.2d 887, 889 (Tex. Crim. App. 1977); Williams v. State, 911 S.W.2d
788, 790 (Tex. App.CSan Antonio
1995, no pet.).  








Neither side disputed K.H.=s age and marital status at trial. 
K.H. testified that, at the time of the trial, she was twelve years old
and in the sixth grade.  Both Fred and
K.H. also testified that K.H. had never been married to appellant. 

The State also established
the sexual touching element of this offense 
at trial.  K.H. testified that
appellant moved his hand over and his fingers around her Aprivate.@  By using a doll, K.H. demonstrated what she
meant by Aprivate@ and how appellant moved his fingers over that area.  K.H. also testified that appellant tried to
put his hand under the waistband of her pants. 
Considering all of the evidence in the light most favorable to the
verdict, the evidence presented at trial was sufficient for a rational trier of
fact to have believed beyond a reasonable doubt that appellant made sexual
contact with K.H.=s genitals.  See Villalon, 791 S.W.2d at 134-35.

The final element, appellant=s intent to arouse or gratify his own sexual desire, can be inferred
from appellant=s conduct
and from the surrounding circumstances.  See
Robertson v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993) (holding
that a jury can infer intent from an appellant=s actions or conduct), cert. denied, 513 U.S. 853 (1994); Gottlich
v. State, 822 S.W.2d 734, 741 (Tex. App.CFort Worth 1992, pet. ref=d) (finding requisite intent to arouse and gratify sexual desire when
defendant placed his hand inside complainant=s panties and played with her Aprivate@).  








Here, appellant placed his
fingers on K.H.=s Aprivate area,@ moved them
around, and tried to put his hand under her waistband.  Appellant further exhibited his interest in
K.H. by his conduct after K.H. left the table. 
A few minutes after K.H. left the kitchen, appellant told Fred that he
had to leave, but wanted to say goodbye to K.H. 
Appellant then asked where K.H.=s room was located.  Although
Fred told appellant that he would go get K.H., appellant followed Fred to the
bedroom area.  When they arrived at K.H.=s bedroom door, appellant knocked on it.  K.H., who was in her grandmother=s room, heard the two men talking and opened Regina=s door.  Appellant entered the
room, hugged K.H., and left.

Appellant returned to the
Brisset home a few times after that, usually after Fred had left for work.  During these visits, appellant asked Regina
what time K.H. got out of school and where she played.  On one occasion, appellant asked Regina if
K.H. could accompany him while he looked for an apartment in the area. 

Viewed in the light most
favorable to the verdict, these facts suppport the jury=s finding beyond a reasonable doubt that appellant acted with intent
to arouse his sexual desire.[2]  








Appellant asserts that the
evidence at trial was thin, improbable, and inconsistent.  But the jury is the sole judge of the weight
and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000).  In performing a legal
sufficiency review, we must resolve any inconsistencies in the evidence in
favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 
We hold that the evidence, when viewed in the light most favorable to
the verdict, supports a determination beyond a reasonable doubt that appellant
engaged in sexual contact with K.H., a child. 
Therefore, we overrule appellant=s sole point.  

IV.  Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
September 28, 2006











[1]See Tex. R. App. P. 47.4.





[2] The
jury also heard from K.H. that, when she was eight years old, appellant kissed
her cheek and then asked if he could have Aa bigger kiss.@