WYATT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-399-CR

ROBERT HARPER WYATT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Robert Harper Wyatt appeals his five-year sentence for indecency with a child.  In his sole point, appellant complains that the evidence is legally insufficient to establish that he engaged in sexual contact with the child.  We affirm.

II.  Background Facts

In 2004, Fred and Regina Brisset were raising their granddaughter, K.H., who was eleven years old at the time.  Appellant, a Tarrant County deputy sheriff and a neighbor and friend of the Brissets, knew that K.H. was a minor, that she was under seventeen years of age, and that she was enrolled in elementary school.

On August 26, 2004, appellant went to the Brisset home and sat down at the small, round kitchen table with Fred.  Eventually, K.H. came into the kitchen, said hello to appellant, and sat at the table.  K.H. was wearing pajama bottoms and a tee shirt.  Immediately after K.H. sat down, appellant moved closer to her and placed his hand on her leg under the table.  Although Fred suspected that something was wrong when he saw appellant’s arm move toward K.H., the tablecloth blocked his view.

While Fred and appellant continued to talk, appellant moved his hand further up K.H.’s leg towards her “private area.”  Appellant touched K.H.’s genitals over the pajama pants and moved his fingers in various motions. Appellant also attempted to put his hand inside the waistband of K.H.’s pajama pants.  Although K.H. tried to get out of the chair, appellant initially held her legs.  Eventually, however, K.H. jumped up from the table, striking the nearby water cooler.  K.H. immediately ran to Regina’s room and told her that appellant had placed his hand on her “private.”

A grand jury indicted appellant for indecency with a child by sexual contact on February 16, 2005.  On October 13, 2005, the jury found appellant guilty of the charged crime.  On October 14, 2005, the jury assessed appellant’s punishment at five years confinement and fined him $3,000, and the trial court sentenced him accordingly.

III.  Legal Sufficiency of Evidence of Sexual Contact With Child

Appellant, in his sole point, argues that the evidence is legally  insufficient to establish that he engaged in sexual contact with a child.  Specifically, appellant argues that K.H.’s testimony was too unbelievable and inconsistent to justify the verdict.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the 
judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
 

A person violates section 21.11 of the penal code if he engages in sexual contact “with a child younger than 17 years [who is] not the person’s spouse.”   
Tex. Penal Code Ann.
 § 21.11(a) (Vernon 2003).  In section 21.11(c), “sexual contact” means any touching by a person, including touching through clothing, of the anus, breast or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person
.  
Id. § 
21.11(c)(1).

The evidentiary concerns surrounding a victim’s childlike testimony have been addressed by Texas courts.  
See Villalon v. State
, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990); 
Luna v. State
, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974).  
The court of criminal appeals has stated that, as a matter of public policy, “we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults.”  
Villalon
, 791 S.W.2d at 134.  Accordingly, Texas courts regularly uphold convictions even though the child-complainant’s testimony is childlike rather than technical or sophisticated.  
See, e.g., id. 
at 134-35 (upholding as sufficient evidence a child’s references to her genitals through anatomically correct dolls and as “where I pee”).  “Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of [section] 21.01, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses.”  
Clark v. State
, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); 
Williams v. State
, 911 S.W.2d 788, 790 (Tex. App.—San Antonio 1995, no pet.).  

Neither side disputed K.H.’s age and marital status at trial.  K.H. testified that, at the time of the trial, she was twelve years old and in the sixth grade.  Both Fred and K.H. also testified that K.H. had never been married to appellant. 

The State also established the sexual touching element of this offense  at trial.  K.H. testified that appellant moved his hand over and his fingers around her “private.”  By using a doll, K.H. demonstrated what she meant by “private” and how appellant moved his fingers over that area.  K.H. also testified that appellant tried to put his hand under the waistband of her pants.  Considering all of the evidence in the light most favorable to the verdict, the evidence presented at trial was sufficient for a rational trier of fact to have believed beyond a reasonable doubt that appellant made sexual contact with K.H.’s genitals.
  See Villalon
, 791 S.W.2d at 134-35.

The final element, appellant’s intent to arouse or gratify his own sexual desire, can be inferred from appellant’s conduct and from the surrounding circumstances.  
See Robertson v. State
, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993) (holding that a jury can infer intent from an appellant’s actions or conduct), 
cert. denied
, 513 U.S. 853 (1994); 
Gottlich v. State
, 822 S.W.2d 734, 741 (Tex. App.—Fort Worth 1992, pet. ref’d) (finding requisite intent to arouse and gratify sexual desire when defendant placed his hand inside complainant’s panties and played with her “private”).  

Here, appellant placed his fingers on K.H.’s “private area,” moved them around, and tried to put his hand under her waistband.  Appellant further exhibited his interest in K.H. by his conduct after K.H. left the table.  A few minutes after K.H. left the kitchen, appellant told Fred that he had to leave, but wanted to say goodbye to K.H.  Appellant then asked where K.H.’s room was located.  Although Fred told appellant that he would go get K.H., appellant followed Fred to the bedroom area.  When they arrived at K.H.’s bedroom door, appellant knocked on it.  K.H., who was in her grandmother’s room, heard the two men talking and opened Regina’s door.  Appellant entered the room, hugged K.H., and left.

Appellant returned to the Brisset home a few times after that, usually after Fred had left for work.  During these visits, appellant asked Regina what time K.H. got out of school and where she played.  On one occasion, appellant asked Regina if K.H. could accompany him while he looked for an apartment in the area. 

Viewed in the light most favorable to the verdict, these facts suppport the jury’s finding beyond a reasonable doubt that appellant acted with intent to arouse his sexual desire.
(footnote: 2)  

Appellant asserts that the evidence at trial was thin, improbable, and inconsistent.  But the jury is the sole judge of the weight and credibility of the evidence.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  In performing a legal sufficiency review, we must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that appellant engaged in sexual contact with K.H., a child.  Therefore, we overrule appellant’s sole point.  

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 28, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: The jury also heard from K.H. that, when she was eight years old, appellant kissed her cheek and then asked if he could have “a bigger kiss.”