NUMBER 13-08-00189-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JESUS E. COSIO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 139th District Court

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Hill


Memorandum Opinion by Justice Hill (1)
 

 Appellant, Jesus E. Cosio, appeals his convictions by a jury for the offenses of
aggravated sexual assault of a child and indecency with a child by contact. See Tex.
Penal Code Ann. § 22.011(a)(2) (Vernon Supp. 2008), § 21.11 (Vernon 2003). The jury
assessed his punishment for two counts of aggravated sexual assault of a child at fifteen
and twenty-five years' confinement, respectively, in the Texas Department of Criminal
Justice, Institutional Division. Additionally, the jury assessed his punishment for two counts
of indecency with a child by contact at ten years' confinement in the Texas Department of
Criminal Justice, Institutional Division, and a fine of $5,000, in each of the counts, with the
imposition of the sentence of imprisonment or confinement suspended and Cosio placed
on community supervision for ten years, with the fine to be paid as one of the conditions
for community supervision. All of the sentences are to run concurrently. 

 In seven issues, Cosio contends that: (1) the jury charge contains egregious error
because it allowed for convictions that were not unanimous (issue one); (2) his trial counsel
was ineffective in not ensuring that extraneous offense instructions were given to the jury,
by not preparing for punishment, in not calling a witness to testify, and in not objecting to
the reading back of the complainant's testimony (issues two, four, five, and six); (3) the
evidence is legally and factually insufficient to support his convictions for indecency with
a child by contact (issue three); and (4) the trial court erred in not granting a new trial due
to a witness conversing with two jurors (issue 7). We reverse the judgment with respect
to one of the convictions for indecency with a child by contact and remand to the trial court
for the entry of a judgment of acquittal. We reverse the judgment with respect to all of the
other convictions and remand to the trial court for further proceedings.

I. Sufficiency of the Evidence

 Cosio contends in issue three that the evidence is legally and factually insufficient
to support his convictions for indecency with a child by contact. In order to determine if the
evidence is legally sufficient, the appellate court reviews all of the evidence in the light
most favorable to the verdict and determines whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979). To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State,
958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the conflicting
evidence. Watson, 204 S.W.3d at 414-415; Johnson, 23 S.W.3d at 10-11.

 Each of the two counts of indecency with a child by contact, as submitted to the jury,
alleged that Cosio touched part of the complainant's genitals. Susan Sherman, a pediatric
nurse practitioner with the Children's Advocacy Center in Fort Myers, Florida, testified that
the complainant told her in an interview that, while she was in the shower, Cosio touched
her on her chest and in her private area. She said that she did not expect to find anything
abnormal in her medical examination of the complainant because two or three years had
passed. She acknowledged that nothing abnormal "stuck out" at her. 

 The complainant recalled that when she was about seven or eight, Cosio came in
while she was taking a shower and touched her on the breast, her private part, and "mostly
everywhere." She acknowledged that she thought he was giving her a shower, although
he had not ever given her a shower before, and she knew how to shower by herself. 

 The complainant testified that about a week later, Cosio took her into her mother's
room, where he touched her breasts, "mostly my whole body, like mostly everything." She
stated that Cosio had her put his penis in her mouth, then put his penis in her vagina when
she was eight years old. 

 The complainant testified that on another occasion, she and Cosio were in her
mother's room and he showed her pornographic movies, and attempted to simulate the
positions in the movie. On this occasion, Cosio put his penis inside her vagina and
touched her breasts. 

 We hold that the evidence is legally and factually sufficient to support his conviction
of one count of indecency with a child by contact, involving the first incident when the
complainant was in the shower. Cosio contends that the evidence is insufficient because
the complainant made reference to her "private part," without being more specific, and
because any sexual conduct that occurs in the course of an act of sexual penetration is
subsumed in the completed act. We hold that the complainant's use of the term "private
part" was sufficient to convey to the jury that the touching occurred to part of her genitals. 
See Williams v. State, 911 S.W.2d 788, 790 (Tex. App.-San Antonio 1995, no pet.) (op.
on reh'g). Cosio suggests that because the complainant was fourteen years of age at the
time she testified, and because her language usage indicated that she would have been
capable of a more precise description, that the evidence is insufficient. The Williams court
held that the evidence was sufficient because the language used, "private part," sufficiently
communicated to the trier of fact the part of the body involved, not because the
complainant was too young to use more sophisticated language. Id. There was no act of
sexual penetration involved in the shower incident. 

 The only other evidence of Cosio touching the complainant's genital area is in
connection with penetration by Cosio's penis. Penile contact with mouth, genitals or anus
in the course of penile penetration is subsumed in the greater offense. Patterson v. State,
152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The State urges that the evidence is sufficient
to show that Cosio touched part of the complainant's genitals on the occasion in her
mother's bedroom when, she said, he touched her breasts, "mostly my whole body, like
mostly everything." We hold that this language is too imprecise for the trier of fact to
reasonably infer that Cosio touched her genital area on that occasion, apart from the
contact incident to penetration that the complainant also described. Consequently, the
evidence is legally insufficient to support one of the counts of indecency with a child by
contact. We overrule issue three in part and sustain issue three in part. 

II. Charge Error

 Cosio urges in issue one that the jury charges contained egregious error since they
allowed for convictions that were not unanimous. The trial court submitted four separate
charges to the jury: (1) two concerning charges of indecency with a child by contact with
part of the complainant's genitals; and (2) two of aggravated sexual assault of a child; (3)
one of penetration by Cosio's penis of the complain'nt's mouth, and (4) one of penetration
by Cosio's penis of the complainant's vagina. The only instruction given pertaining to the
requirement of unanimity was that in which the jury was told, "In order to return a verdict,
each juror must agree thereto . . . ."

 We review alleged charge error by considering whether error existed in the charge
and whether sufficient harm resulted from the error to compel reversal. Ngo v. State, 175
S.W. 3d 738, 748 (Tex. Crim. App. 2005). We first consider whether there was error in the
charges with respect to indecency with a child by touching part of the complainant's
genitals. As we have previously noted, the evidence supported one, possibly two,
instances of Cosio touching the complainant's genital area with his hand, and more than
one instance of his touching her genital area with his penis in the process of penetration
of her vagina. The charges involving indecency with a child by contact defined "sexual
contact" as "any touching by a person, including touching through clothing, of the anus,
breast, or any part of the genitals of a child; or any touching of any part of the body of a
child, including touching through clothing, with the anus, breast, or any part of the genitals
of a person with the intent to arouse or gratify the sexual desire of any person." Tex. Penal
Code Ann. § 21.11(c).

 Two separate charges were submitted regarding indecency of a child by touching
part of the genitals of the complainant. The charge was not specific as to whether Cosio
allegedly touched part of the complainant's genitals with his hand or his penis. The
evidence supports more than one instance of Cosio penetrating the complainant's genitals
with his penis and one instance of Cosio touching part of the complainant's genitals with
his hand. As previously noted, the State contends that there were two such instances of
Cosio touching part of the complainant's genitals with his hand. Under the instructions
which it received, there was no suggestion to the jury that it must be unanimous as to a
specific criminal act. Consequently, the charge is erroneous because it allows for a
non-unanimous verdict concerning what specific criminal act the defendant committed. 
Ngo, 175 S.W. 3d at 748.

 Inasmuch as there was evidence of more than one specific act of Cosio penetrating
the complainant's mouth with his penis and evidence of more than one specific act of
Cosio penetrating the complainant's vagina with his penis, the charges as to aggravated
sexual assault of a child are also erroneous for the same reason. While the State makes
various arguments with respect to this issue, it fails to address the crucial fact that the jury
was not required under the instructions to be unanimous as to a specific criminal act relied
upon by the State. Although the State suggests that Cosio's point is not valid because it
did not make an election as to which act it was relying upon, in Ngo, the court held that
when an appellant fails to request an election, the jury must still be instructed that it must
unanimously agree on one specific criminal act. Ngo, 175 S.W.3d at 748. 

 In an unpublished opinion, Rodriguez v. State, No. 13-05-522-CR, 2006 Tex. App.
LEXIS 7253, at **4-8 (Tex. App.-Corpus Christi Aug. 17, 2006, no pet.) (memo op., not
designated for publication), this Court held that there was no error in the jury charge where
the jury charges that were submitted with respect to two counts were not submitted
disjunctively. Id. We also noted that in Ngo the jury was charged in the disjunctive. Id. 
As in Rodriguez, the jury charges as to each of four counts in this case were not submitted
in the disjunctive. However, in this case, each count that was submitted was supported by
evidence of more than one specific incident. Consequently, under the charges that were
given, some of the jurors could have determined that Cosio was guilty because he
committed the offense on one occasion, while others may have concluded that he
committed the offense on another occasion. In Rodriguez, there is no suggestion that
there was evidence of more specific factual incidents than there were counts submitted in
the court's charge. Id. 

 We believe that this distinction is also applicable with respect to the case of
Bottonfield v. State, 77 S.W.3d 349, 359 (Tex. App.-Fort Worth 2002, pet. ref'd), in which
the court held that the charge did not allow the jury to convict the defendant on less than
a unanimous verdict where there were two separate counts with two separate and distinct
offenses and the jury was not charged in the disjunctive. Id. We conclude that here there
was error in the charge because it failed to instruct the jury that it must be unanimous with
respect to a specific criminal act. 

 Inasmuch as Cosio made no objection to the court's charge on this basis, we must
determine whether the errors in the court's charges constitute egregious error. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Errors that result in egregious harm
are those that affect the very basis of the case, deprive the defendant of a valuable right,
or vitally affect a defensive theory. Ngo, 175 S.W.3d at 750. In order to determine
whether the error was so egregious that a defendant was denied a fair trial, we should
examine the entire jury charge, the state of the evidence, the arguments of counsel, and
any other relevant information in the record. Almanza, 686 S.W.2d at 171. 

 In all of the jury charges in this case, the jury was instructed that it must be
unanimous in its verdict, but was not instructed that it must be unanimous as to a specific
criminal act. As we have previously noted, there was evidence of several specific criminal
acts offered in evidence, involving evidence of more than one specific criminal act for each
offense that was included in the jury's verdict. The final arguments neither suggested that
the jury must be unanimous as to a specific criminal act, nor suggested that the jury need
not be unanimous as to a specific criminal act. During the jury deliberations, the jury asked
if they needed a unanimous verdict. Without objection, the trial court instructed the jury,
"Verdicts must be unanimous. Please refer to the Court's Charge for further instructions." 

 We hold that the charge error was egregious because it deprived Cosio of a
valuable right, his right to a unanimous jury verdict. See generally, Soto v. State, 267
S.W.3d 327, 340 (Tex. App.-Corpus Christi 2008, no pet.) (concluding that an erroneous
disjunctive jury charge may cause egregious harm) (citing Clear v. State, 76 S.W.3d 622,
624 (Tex. App.-Corpus Christi 2002, no pet.)). The State makes no argument on the issue
of whether, if the charge is error, it constitutes egregious error. We sustain issue one. In
view of our determination of this issue, we need not consider the remaining issues
presented by Cosio. See Tex. R. App. P. 47.1.

III. Conclusion

 We reverse the judgment with respect to one of the convictions for the offense of
indecency with a child by contact and remand for the entry of a judgment of acquittal. We
reverse the judgment with respect to the remaining convictions and remand to the trial
court for further proceedings. 

 

 JOHN G. HILL

 Justice 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 27th day of August, 2009. 
1. Retired Second Court of Appeals Justice John G. Hill assigned to this Court by the Chief Justice of
the Supreme Court of Texas pursuant to the government code. See Tex. Gov't Code Ann. § 74.003 (Vernon
2005).