

# NUMBER 13-08-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JESUS E. COSIO,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Hill
### Memorandum Opinion by Justice Hill[1]

Appellant, Jesus E. Cosio, appeals his convictions by a jury for the offenses of aggravated sexual assault of a child and indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Vernon Supp. 2008), § 21.11 (Vernon 2003). The jury

---

[1] Retired Second Court of Appeals Justice John G. Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

assessed his punishment for two counts of aggravated sexual assault of a child at fifteen and twenty-five years' confinement, respectively, in the Texas Department of Criminal Justice, Institutional Division. Additionally, the jury assessed his punishment for two counts of indecency with a child by contact at ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5,000, in each of the counts, with the imposition of the sentence of imprisonment or confinement suspended and Cosio placed on community supervision for ten years, with the fine to be paid as one of the conditions for community supervision. All of the sentences are to run concurrently.

In seven issues, Cosio contends that: (1) the jury charge contains egregious error because it allowed for convictions that were not unanimous (issue one); (2) his trial counsel was ineffective in not ensuring that extraneous offense instructions were given to the jury, by not preparing for punishment, in not calling a witness to testify, and in not objecting to the reading back of the complainant's testimony (issues two, four, five, and six); (3) the evidence is legally and factually insufficient to support his convictions for indecency with a child by contact (issue three); and (4) the trial court erred in not granting a new trial due to a witness conversing with two jurors (issue 7). We reverse the judgment with respect to one of the convictions for indecency with a child by contact and remand to the trial court for the entry of a judgment of acquittal. We reverse the judgment with respect to all of the other convictions and remand to the trial court for further proceedings.

## I. SUFFICIENCY OF THE EVIDENCE

Cosio contends in issue three that the evidence is legally and factually insufficient to support his convictions for indecency with a child by contact. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-415; *Johnson*, 23 S.W.3d at 10-11.

Each of the two counts of indecency with a child by contact, as submitted to the jury, alleged that Cosio touched part of the complainant's genitals. Susan Sherman, a pediatric nurse practitioner with the Children's Advocacy Center in Fort Myers, Florida, testified that the complainant told her in an interview that, while she was in the shower, Cosio touched her on her chest and in her private area. She said that she did not expect to find anything abnormal in her medical examination of the complainant because two or three years had passed. She acknowledged that nothing abnormal "stuck out" at her.

The complainant recalled that when she was about seven or eight, Cosio came in while she was taking a shower and touched her on the breast, her private part, and "mostly everywhere." She acknowledged that she thought he was giving her a shower, although he had not ever given her a shower before, and she knew how to shower by herself.

The complainant testified that about a week later, Cosio took her into her mother's room, where he touched her breasts, "mostly my whole body, like mostly everything." She stated that Cosio had her put his penis in her mouth, then put his penis in her vagina when

3

she was eight years old.

The complainant testified that on another occasion, she and Cosio were in her mother's room and he showed her pornographic movies, and attempted to simulate the positions in the movie. On this occasion, Cosio put his penis inside her vagina and touched her breasts.

We hold that the evidence is legally and factually sufficient to support his conviction of one count of indecency with a child by contact, involving the first incident when the complainant was in the shower. Cosio contends that the evidence is insufficient because the complainant made reference to her "private part," without being more specific, and because any sexual conduct that occurs in the course of an act of sexual penetration is subsumed in the completed act. We hold that the complainant's use of the term "private part" was sufficient to convey to the jury that the touching occurred to part of her genitals. *See Williams v. State*, 911 S.W.2d 788, 790 (Tex. App.–San Antonio 1995, no pet.) (op. on reh'g). Cosio suggests that because the complainant was fourteen years of age at the time she testified, and because her language usage indicated that she would have been capable of a more precise description, that the evidence is insufficient. The *Williams* court held that the evidence was sufficient because the language used, "private part," sufficiently communicated to the trier of fact the part of the body involved, not because the complainant was too young to use more sophisticated language. *Id*. There was no act of sexual penetration involved in the shower incident.

The only other evidence of Cosio touching the complainant's genital area is in connection with penetration by Cosio's penis. Penile contact with mouth, genitals or anus in the course of penile penetration is subsumed in the greater offense. *Patterson v. State*,

4

152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The State urges that the evidence is sufficient to show that Cosio touched part of the complainant's genitals on the occasion in her mother's bedroom when, she said, he touched her breasts, "mostly my whole body, like mostly everything." We hold that this language is too imprecise for the trier of fact to reasonably infer that Cosio touched her genital area on that occasion, apart from the contact incident to penetration that the complainant also described. Consequently, the evidence is legally insufficient to support one of the counts of indecency with a child by contact. We overrule issue three in part and sustain issue three in part.

## II. CHARGE ERROR

Cosio urges in issue one that the jury charges contained egregious error since they allowed for convictions that were not unanimous. The trial court submitted four separate charges to the jury: (1) two concerning charges of indecency with a child by contact with part of the complainant's genitals; and (2) two of aggravated sexual assault of a child; (3) one of penetration by Cosio's penis of the complain'nt's mouth, and (4) one of penetration by Cosio's penis of the complainant's vagina. The only instruction given pertaining to the requirement of unanimity was that in which the jury was told, "In order to return a verdict, each juror must agree thereto . . . ."

We review alleged charge error by considering whether error existed in the charge and whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W. 3d 738, 748 (Tex. Crim. App. 2005). We first consider whether there was error in the charges with respect to indecency with a child by touching part of the complainant's genitals. As we have previously noted, the evidence supported one, possibly two, instances of Cosio touching the complainant's genital area with his hand, and more than

5

one instance of his touching her genital area with his penis in the process of penetration of her vagina.  The charges involving indecency with a child by contact defined "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person with the intent to arouse or gratify the sexual desire of any person."  TEX. PENAL CODE ANN. § 21.11(c).

Two separate charges were submitted regarding indecency of a child by touching part of the genitals of the complainant.  The charge was not specific as to whether Cosio allegedly touched part of the complainant's genitals with his hand or his penis.  The evidence supports more than one instance of Cosio penetrating the complainant's genitals with his penis and one instance of Cosio touching part of the complainant's genitals with his hand.  As previously noted, the State contends that there were two such instances of Cosio touching part of the complainant's genitals with his hand.  Under the instructions which it received, there was no suggestion to the jury that it must be unanimous as to a specific criminal act. Consequently, the charge is erroneous because it allows for a non-unanimous verdict concerning what specific criminal act the defendant committed. *Ngo*, 175 S.W. 3d at 748.

Inasmuch as there was evidence of more than one specific act of Cosio penetrating the complainant's mouth with his penis and evidence of more than one specific act of Cosio penetrating the complainant's vagina with his penis, the charges as to aggravated sexual assault of a child are also erroneous for the same reason.  While the State makes various arguments with respect to this issue, it fails to address the crucial fact that the jury

6

was not required under the instructions to be unanimous as to a specific criminal act relied upon by the State. Although the State suggests that Cosio's point is not valid because it did not make an election as to which act it was relying upon, in *Ngo*, the court held that when an appellant fails to request an election, the jury must still be instructed that it must unanimously agree on one specific criminal act. *Ngo*, 175 S.W.3d at 748.

In an unpublished opinion, *Rodriguez v. State*, No. 13-05-522-CR, 2006 Tex. App. LEXIS 7253, at **4-8 (Tex. App.–Corpus Christi Aug. 17, 2006, no pet.) (memo op., not designated for publication), this Court held that there was no error in the jury charge where the jury charges that were submitted with respect to two counts were not submitted disjunctively. *Id*. We also noted that in *Ngo* the jury was charged in the disjunctive. *Id*. As in *Rodriguez*, the jury charges as to each of four counts in this case were not submitted in the disjunctive. However, in this case, each count that was submitted was supported by evidence of more than one specific incident. Consequently, under the charges that were given, some of the jurors could have determined that Cosio was guilty because he committed the offense on one occasion, while others may have concluded that he committed the offense on another occasion. In *Rodriguez*, there is no suggestion that there was evidence of more specific factual incidents than there were counts submitted in the court's charge. *Id*.

We believe that this distinction is also applicable with respect to the case of *Bottonfield v. State*, 77 S.W.3d 349, 359 (Tex. App.–Fort Worth 2002, pet. ref'd), in which the court held that the charge did not allow the jury to convict the defendant on less than a unanimous verdict where there were two separate counts with two separate and distinct offenses and the jury was not charged in the disjunctive. *Id*. We conclude that here there

7

was error in the charge because it failed to instruct the jury that it must be unanimous with respect to a specific criminal act.

Inasmuch as Cosio made no objection to the court's charge on this basis, we must determine whether the errors in the court's charges constitute egregious error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Ngo*, 175 S.W.3d at 750. In order to determine whether the error was so egregious that a defendant was denied a fair trial, we should examine the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information in the record. *Almanza*, 686 S.W.2d at 171.

In all of the jury charges in this case, the jury was instructed that it must be unanimous in its verdict, but was not instructed that it must be unanimous as to a specific criminal act. As we have previously noted, there was evidence of several specific criminal acts offered in evidence, involving evidence of more than one specific criminal act for each offense that was included in the jury's verdict. The final arguments neither suggested that the jury must be unanimous as to a specific criminal act, nor suggested that the jury need not be unanimous as to a specific criminal act. During the jury deliberations, the jury asked if they needed a unanimous verdict. Without objection, the trial court instructed the jury, "Verdicts must be unanimous. Please refer to the Court's Charge for further instructions."

We hold that the charge error was egregious because it deprived Cosio of a valuable right, his right to a unanimous jury verdict. *See generally, Soto v. State*, 267 S.W.3d 327, 340 (Tex. App.–Corpus Christi 2008, no pet.) (concluding that an erroneous

disjunctive jury charge may cause egregious harm) (citing *Clear v. State*, 76 S.W.3d 622, 624 (Tex. App.–Corpus Christi 2002, no pet.)). The State makes no argument on the issue of whether, if the charge is error, it constitutes egregious error. We sustain issue one. In view of our determination of this issue, we need not consider the remaining issues presented by Cosio. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the judgment with respect to one of the convictions for the offense of indecency with a child by contact and remand for the entry of a judgment of acquittal. We reverse the judgment with respect to the remaining convictions and remand to the trial court for further proceedings.

JOHN G. HILL
Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 27th day of August, 2009.

9