

# NUMBER 13-08-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JESUS EDUARDO COSIO,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

# OPINION ON REHEARING EN BANC

**Before the Court En Banc
Opinion on Rehearing En Banc by Justice Hill[1]**

Having reconsidered the issues presented in this appeal en banc, we withdraw our

opinion of August 27, 2009, and replace it with this opinion.

---

[1] Retired Second Court of Appeals Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code.  *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

Appellant, Jesus E. Cosio, appeals his convictions by a jury for the offenses of aggravated sexual assault of a child and indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011(a)(2) (Vernon Supp. 2009). The jury assessed his punishment for two counts of aggravated sexual assault of a child at fifteen and twenty five years' confinement, respectively, in the Texas Department of Criminal Justice, Institutional Division. Additionally, the jury assessed his punishment for two counts of indecency with a child by contact at ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5,000, in each of the counts. The imposition of the sentence of imprisonment or confinement for indecency with a child by contact was suspended and Cosio placed on community supervision for ten years, with the fine to be paid as one of the conditions for community supervision. All of the sentences are to run concurrently.

In seven issues, Cosio contends that: (1) the jury charge contains egregious error because it allowed for convictions that were not unanimous (issue one); (2) his trial counsel was ineffective in not ensuring that extraneous offense instructions were given to the jury, by not preparing for punishment, in not calling a witness to testify, and in not objecting to the reading back of the complainant's testimony (issues two, four, five, and six); (3) the evidence is legally and factually insufficient to support his convictions for indecency with a child by contact (issue three); and (4) the trial court erred in not granting a new trial due to a witness conversing with two jurors (issue seven). We reverse the judgment with respect to one of the convictions for indecency with a child by contact and remand to the trial court for the entry of a judgment of acquittal. We reverse the judgment with respect to the remaining convictions and remand to the trial court for further proceedings.

# I. SUFFICIENCY OF THE EVIDENCE

Cosio contends in issue three that the evidence is legally and factually insufficient to support his convictions for indecency with a child by contact. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

Each of the two counts of indecency with a child by contact, as submitted to the jury, alleged that Cosio touched part of the complainant's genitals. Susan Sherman, a pediatric nurse practitioner with the Children's Advocacy Center in Fort Myers, Florida, testified that the complainant told her in an interview that, while she was in the shower, Cosio touched her on her chest and in her private area. Sherman said that she did not expect to find anything abnormal in her medical examination of the complainant because two or three years had passed. She acknowledged that nothing abnormal "stuck out" at her.

The complainant recalled that when she was about seven or eight, Cosio came in while she was taking a shower and touched her on the breast, her private part, and "mostly everywhere." She acknowledged that she thought he was giving her a shower, although

3

he had not ever given her a shower before, and she knew how to shower by herself.

The complainant testified that about a week later, Cosio took her into her mother's room, where he touched her breasts, "mostly my whole body, like mostly everything." She stated that Cosio had her put his penis in her mouth, then put his penis in her vagina when she was eight years old.

The complainant testified that on another occasion, when she was nine or ten, she and Cosio were in her mother's room and he showed her pornographic movies, and attempted to simulate the positions in the movie. On this occasion, Cosio put his penis inside her vagina and touched her breasts.

We hold that the evidence is legally and factually sufficient to support Cosio's conviction of one count of indecency with a child by contact, involving the first incident when the complainant was in the shower. Cosio contends that the evidence is insufficient because the complainant made reference to her "private part," without being more specific, and because any sexual conduct that occurs in the course of an act of sexual penetration is subsumed in the completed act. We hold that the complainant's use of the term "private part" was sufficient to convey to the jury that the touching occurred to part of her genitals. *See Williams v. State*, 911 S.W.2d 788, 790 (Tex. App.–San Antonio 1995, no pet.) (op. on reh'g). Cosio suggests that because the complainant was fourteen years of age at the time she testified, and because her language usage indicates that she would have been capable of a more precise description, that the evidence is insufficient. The *Williams* court held that the evidence was sufficient because the language used, "private part," sufficiently communicated to the trier of fact the part of the body involved, not because the complainant was too young to use more sophisticated language. *Id.* There was no act of sexual penetration involved in the shower incident.

4

The only other evidence of Cosio touching the complainant's genital area is in connection with penetration by Cosio's penis. Penile contact with mouth, genitals or anus in the course of penile penetration is subsumed in the greater offense. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The State urges that the evidence is sufficient to show that Cosio touched part of the complainant's genitals on the occasion in her mother's bedroom when, she said, he touched her breasts, "mostly my whole body, like mostly everything." We hold that this language is too imprecise for the trier of fact to reasonably infer that Cosio touched her genital area on that occasion, apart from the contact incident to penetration that the complainant also described. Consequently, the evidence is legally insufficient to support one of the counts of indecency with a child by contact. We overrule issue three in part and sustain issue three in part.

## II. CHARGE ERROR

Cosio urges in issue one that the jury charges contained egregious error since they allowed for convictions that were not unanimous. The trial court submitted four separate charges to the jury: (1) two concerning allegations of indecency with a child by contact with part of the complainant's genitals; and (2) two allegations of aggravated sexual assault of a child, including one allegation of penetration by Cosio's penis of the complainant's mouth, and one allegation of penetration by Cosio's penis of the complainant's vagina. The jury was instructed that it must be unanimous in its verdict, but it received no instruction that it must be unanimous as to any specific criminal act.

### A.    Background

The indictment contained four counts, many of which contained several paragraphs. It alleged several instances of aggravated sexual assault of a child, including: (1) July 31, 2003, Cosio causing his sexual organ to penetrate the complainant's mouth; (2) July 31,

5

2004, causing his sexual organ to penetrate the complainant's mouth; (3) July 31, 2003, two separate incidents of causing his sexual organ to contact the complainant's sexual organ; and (4) July 31, 2003, causing his sexual organ to penetrate the complainant's sexual organ. Additionally, it alleged a few instances of indecency with a child by contact, including: (1) July 31, 2003, Cosio touching part of the complainant's genitals; (2) July 31, 2004, touching part of the complainant's genitals; and (3) July 31, 2003, touching the complainant's breast.

At trial, the State elected to proceed with only the following portions of the indictment: (1) July 31, 2004, Cosio causing his sexual organ to penetrate the complainant's mouth (aggravated sexual assault of a child); (2) July 31, 2003, Cosio causing his sexual organ to penetrate the complainant's sexual organ (aggravated sexual assault of a child); (3) July 31, 2004, Cosio touching part of the complainant's genitals (indecency with a child by contact); and (4) July 31, 2003, Cosio touching part of the complainant's genitals (indecency with a child by contact).

The complainant testified as to four different occasions on which Cosio acted toward her in an improper manner. As previously discussed, these included the following: (1) when the complainant was seven or eight years old, Cosio touched her private part and her breast while she was taking a shower. Given that the complainant was fourteen years of age at the time of the trial in October, 2007, the shower incident would have occurred sometime during the years 1999-2001; (2) about one week after the shower incident, while Cosio and the complainant were in her mother's room, Cosio touched her breast and, according to the complainant, "mostly my whole body, like mostly everything." On this occasion, Cosio penetrated both the complainant's mouth and her vagina with his penis. This incident would also have occurred sometime during the years 1999-2001; (3) when

6

the complainant was nine or ten years old, Cosio showed her pornographic movies. He penetrated her vagina with his penis and touched her breasts. This would have occurred sometime during the years 2001-2003; and (4) while Cosio and the complainant were on the way to and from a fast food restaurant, Cosio penetrated the complainant's mouth with his penis. The complainant did not testify as to when this incident occurred.

With respect to the allegation that on or about July 31, 2004, Cosio penetrated the complainant's mouth with his penis, the complainant testified as to two separate criminal acts or instances that would support this allegation: (1) the week-after-the-shower incident, which occurred sometime during the years 1999-2001; and (2) the fast food incident, the time of which is unknown.

With respect to the allegation that on or about July 31, 2003, Cosio caused his sexual organ to penetrate the complainant's sexual organ, the complainant testified as to two separate criminal acts or instances that would support this allegation: (1) the week-after-the-shower incident, which occurred sometime during the years 1999-2001; and (2) the pornographic movie incident, which occurred sometime during the years 2001-2003.

With regard to the allegations that on or about July 31, 2003, and July 31, 2004, Cosio touched part of the complainant's genitals, the complainant testified as to at least three separate criminal acts or instances that would support these allegations: (1) the shower incident, which occurred sometime between the years 1999-2001; (2) the one-week-after-the-shower-incident, which also occurred sometime between the years 1999-2001; and (3) the pornographic-movie incident, which occurred sometime during the years 2001-2003.

Four separate charges were submitted to the jury, corresponding to each of the four counts upon which the State elected to proceed at trial. As noted, the complainant testified

7

as to more than one separate criminal act or incident that would support each of the four allegations. Cosio made no objection to the charges at trial.

**B.    Discussion**

We review alleged charge error by considering whether an error existed in the charge and whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 748 (Tex. Crim. App. 2005). We first consider whether there was error in the charges with respect to indecency with a child by touching part of the complainant's genitals. As we have previously noted, the evidence supported one, possibly two, instances of Cosio touching the complainant's genital area with his hand, and more than one instance of his touching her genital area with his penis in the process of penetration of her vagina. The charges involving indecency with a child by contact defined "sexual contact" as:

> [A]ny touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person with the intent to arouse or gratify the sexual desire of any person.

TEX. PENAL CODE ANN. § 21.11(c).

Two separate charges were submitted regarding indecency of a child by touching part of the genitals of the complainant. The charges were not specific as to whether Cosio allegedly touched part of the complainant's genitals with his hand or his penis. The evidence supports more than one instance of Cosio penetrating the complainant's genitals with his penis and one instance of Cosio touching the complainant's genitals with his hand. The State, as previously noted, contends that there were two such instances of Cosio touching the complainant's genitals with his hand. In neither of the two charges relating to indecency of a child was the jury instructed that its verdict must be unanimous as to any

8

particular specific criminal act or instance of touching part of the complainant's genitals. Inasmuch as there is evidence of more instances or specific criminal acts that would constitute indecency of a child than there were charges of that offense submitted to the jury, and the jury was not instructed that it must be unanimous as to any specific criminal act constituting the commission of the offense, the charges were erroneous because they allowed for a non-unanimous verdict. *See Ngo*, 175 S.W.3d at 748.

Inasmuch as there was evidence of more than one specific act of Cosio penetrating the complainant's mouth with his penis and evidence of more than one specific act of Cosio penetrating the complainant's vagina with his penis, the charges as to aggravated sexual assault of a child are also erroneous because they allowed for a non-unanimous verdict concerning what specific criminal act the defendant committed. *Id.*

The dissent suggests that the charge was not erroneous because there were offenses committed on four occasions and four separate charges were submitted that alleged two separate dates, July 31, 2003, and July 31, 2004. However, given when these acts are supposed to have occurred, there was no way for the jury to limit its consideration of each of the four charges to one particular criminal act, where, as here, there was more than one particular criminal act that could have supported each of the four charges. The dissent's suggestion that a general instruction as to unanimity, without an instruction that the jury must be unanimous as to one particular criminal act, is sufficient in a case where there is evidence of more than one specific criminal act to support each of the charges submitted, appears to be in conflict with *Ngo*. *Ngo*, 175 S.W.2d at 744-45.

In arguing that the general language is sufficient, the dissent relies upon *Kitchens v. State*, 823 S.W.2d 256, 258 n.2 (Tex. Crim. App. 1991) and this Court's unpublished opinion in *Rodriguez v. State*, No. 13-05-522-CR, 2006 Tex. App. LEXIS 7253, at *7 (Tex.

9

App.–Corpus Christi Aug. 17, 2006, no pet.) (not designated for publication). We find both to be distinguishable. *Kitchens* was a capital murder case, involving only one murder. *Kitchens*, 823 S.W.2d at 257 n.1. Kitchens contended that there was error in the trial court's instructions because some of the jurors might have found him guilty of murder in the course of aggravated sexual assault while others may have found him guilty of murder in the course of robbery. *Id.* Essentially, the court found that the jury was not required to be unanimous as to the issue of which other offense the murder was committed in the course of. *Id.* at 258. As previously noted, Rodriguez is distinguishable because there is no suggestion in that case that there was evidence of more specific criminal acts or incidents than there were counts submitted in the court's charge.

The State suggests that Cosio's point is not valid because it did not make an election as to which act it was relying upon and was not required to in the absence of a request by the appellant. Some opinions, including one from this court, have suggested that the failure to request that the State make an election among acts or an election among offenses waives an issue of jury charge error on appeal. These include the cases of *Lopez v. State*, No. 13-05-759-CR, 2006 Tex. App. LEXIS 7510, at **6-7 (Tex. App.–Corpus Christi Aug. 24, 2006, no pet.) (mem. op., not designated for publication), and *Lee v. State*, No. 2-01-433-CR, 2003 Tex. App. LEXIS 4043, at **2-5 (Tex. App.–Fort Worth May 8, 2003, no pet.) (mem. op., not designated for publication). In *Lee*, the court held that the appellant waived the issue he presented regarding jury charge error based on a lack of jury unanimity because he had not requested that the State make an election as to which acts it was relying upon for conviction. *Lee*, 2003 Tex. App. LEXIS 4043, at *4. The court relied on the cases of *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); *O'Neal v. State*, 746 S.W.2d 769, 770 n.3 (Tex. Crim. App. 1988); *Crawford v. State*, 696

10

S.W.2d 903, 906 (Tex. Crim. App. 1985); and *Mayo v. State*, 17 S.W.3d 291, 298 (Tex. App.–Fort Worth 2000, pet. ref'd). We find that none of these cases supports the *Lee* court's holding regarding waiver because none of the cases cited involved charge error, such as was presented both in *Lee* and in this case. *Lopez* presents the same four opinions in support of its holding that an appellant waives the issue of jury charge error based on a lack of jury unanimity where he or she has not requested at trial that the State make an election of the offense upon which it relies for conviction. *Lopez*, 2006 Tex. App. LEXIS 7510 at **6-7. We also note that the issue presented by the appellant in *Lopez*, the trial court's failure to require the State to elect a specific act it would rely on for the conviction, was not presented as jury charge error. *Id.* at *6. Consequently, the language stating that any charge error was waived by the appellant's failure to request the State to make an election at trial of the specific offense upon which it relies is dicta which is unsupported by the authorities upon which the courts relied. We also note that *Lee* fails to mention *Almanza*, even though *Lee* appears to be in conflict with the principle set forth in *Almanza* that an appellate court does not consider preservation of jury charge error on appeal, except for determining the proper standard for harm. *See Almanza*, 686 S.W.2d 157, 171-72. *Lopez* fails to mention either *Almanza* or *Ngo*, even though it appears to be in conflict with both with respect to this issue. We decline to follow *Lee*, and we overrule *Lopez* to the extent that it suggests that the failure to request the State to make an election waives jury charge error on appeal based on a lack of jury unanimity.

In an unpublished opinion, *Rodriguez v. State*, No. 13-05-522-CR, 2006 Tex. App. LEXIS 7253, at **4-8 (Tex. App.–Corpus Christi Aug. 17, 2006, no pet.) (mem. op., not designated for publication), this Court held that there was no error in the jury charge where

the jury charges that were submitted with respect to two counts were not submitted disjunctively. *Id.* As in *Rodriguez*, the jury charges as to each of four counts in this case were not submitted in the disjunctive. However, in this case, each count that was submitted was supported by evidence of more than one specific incident. Consequently, under the charges that were given, some of the jurors could have determined that Cosio was guilty because he committed the offense on one occasion, while others may have concluded that he committed the offense on another occasion. In *Rodriguez*, there is no suggestion that there was evidence of more specific criminal acts or incidents than there were counts submitted in the court's charge. *Id.*

We believe that this distinction may also be applicable with respect to the case of *Bottenfield v. State*, 77 S.W.3d 349, 359 (Tex. App.–Fort Worth 2002, pet. ref'd), in which the court held that the charge did not allow the jury to convict the defendant on less than a unanimous verdict where there were two separate counts with two separate and distinct offenses and the jury was not charged in the disjunctive. *Id.* Given that the charges that were given are not clearly articulated in *Bottenfield*, it is possible that there were in that case more than one specific criminal act or incident in support of each count submitted to the jury. If that is the case, we would decline to follow *Bottenfield* because it precedes *Ngo* and is in conflict with the principles set forth therein.

The dissent argues that Cosio's issue on appeal, that the jury charges contained egregious error since they allowed for convictions that were not unanimous, is not an issue of charge error. We agree with the dissent's assertion that it is the substance of the issue presented, not its title, that determines whether Cosio has presented jury charge error. In his discussion of the issue in question, Cosio, while referring to unpreserved issues regarding the State's election at trial, also argued that the jury charges did not inform the

12

jury on the constitutional necessity of unanimously finding one specific incident proven beyond a reasonable doubt in order to reach a conviction. We conclude that the issue presented was at least in part an issue of jury charge error.

In suggesting that Cosio failed to preserve error as to his jury charge error, the dissent relies upon the opinions of *O'Neal v. State*, 746 S.W.2d at 770 n.3; *Pedersen v. State*, 237 S.W.3d 882, 884 (Tex. App.–Texarkana 2007, pet. ref'd); and *Molina v. State*, No. 05-05-05199-CR, 2006 Tex. App. LEXIS 9670, at *2 (Tex. App.–Dallas Nov. 8, 2006, pet. ref'd) (not designated for publication). All of these cases are distinguishable from this case because they all involved unpreserved complaints regarding the State not being required to make an election at trial; none involved an issue of jury charge error. The dissent would be correct in arguing that error was not preserved if Cosio's issue was that the trial court erred in not requiring an election or that the trial court's failure to require an election abridged his right to a unanimous jury verdict. However, as we have previously noted, Cosio also presented an issue of jury charge error, that the trial court's charges failed to instruct the jury that in reaching its verdict it must be unanimous as to a specific criminal act. We note again the holding in *Ngo* that even where the State has not been compelled to make an election, the jury must still reach a unanimous verdict on which single, specific criminal act the defendant committed. *Ngo*, 175 S.W.3d at 748.

The dissent suggests that the majority has chosen to review all complaints regarding jury unanimity as charge error and this conflicts with the *O'Neal* line of cases. We first note that we are only reviewing the complaint presented in this case, which, as we have noted, is at least in part based upon charge error. This is not in conflict at all with the *O'Neal* line of cases because, as we have noted, those cases do not involve appellate complaints of jury charge error.

13

Preservation of charge error does not become an issue until we assess harm. *Ngo*, 175 S.W.3d at 743. The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* Jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Id.*; *Almanza v. State*, 686 S.W.2d at 171 (Tex. Crim. App.1985). When the defendant fails to object or states that he has no objection to the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Ngo*, 175 S.W.3d at 743-44; *Almanza*, 686 S.W.2d at 171-72.

Cosio argues that he preserved error because the election that he requested at trial was an election among acts, whereas the State made an election among offenses. However, after the State made an election among offenses, Cosio made no further objection. In any event, Cosio made no objection to the court's charges on the basis that they allowed for convictions that were not unanimous. Because Cosio failed to object to the court's charges, we will not reverse for jury charge error unless the record shows "egregious harm." Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Ngo*, 175 S.W.2d at 750. In order to determine whether the error was so egregious that the defendant was denied a fair trial, we should examine the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information in the record. *Almanza*, 686 S.W.2d at 171.

In all of the jury charges in this case, the jury was instructed that it must be unanimous in its verdict, but it was not instructed that it must be unanimous as to a specific criminal act. As we have previously noted, there was evidence of several specific criminal acts offered at trial, including evidence of more than one specific criminal act for each

14

offense that was included in the jury charges. The final arguments neither suggested that the jury must be unanimous as to a specific criminal act, nor suggested that the jury need not be unanimous as to a specific criminal act. During the jury deliberations, the jury asked if they needed a unanimous verdict. Without objection, the trial court instructed the jury, "Verdicts must be unanimous. Please refer to the Court's Charge for further instructions." We hold that the charge error was egregious because it deprived Cosio of a valuable right, his right to a unanimous jury verdict. *See Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *see also Alberts v. State*, No. 06-09-00058-CR, 2009 Tex. App. LEXIS 9430, at \*\*11-19 (Tex. App.–Texarkana Dec. 11, 2009, no pet.) (mem. op., not designated for publication); *Soto v. State*, 267 S.W.3d 327, 340 (Tex. App.–Corpus Christi 2008, no pet.)

The State, on submission of this case en banc, has referred us to several court of appeals opinions in which the court found that such an error was not egregious. These cases include: *Ruiz v. State*, 272 S.W.3d 819, 823 27 (Tex. App.–Austin 2008, no pet.); *De Los Santos v. State*, 219 S.W.3d 71, 75 78 (Tex. App.–San Antonio 2006, no pet.); *Martinez v. State*, 212 S.W.3d 411, 415-20 (Tex. App.–Austin 2006, pet. ref'd); *Martinez v. State*, 190 S.W.3d 254, 261-62 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *Villareal v. State*, No. 03-05-00846-CR, 2007 Tex. App. LEXIS 9503, at \*\*9-13 (Tex. App.–Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication); and *Warner v. State*, Nos. 03-04-00203-CR & 03-04-00270-CR, 2005 Tex. App. LEXIS 7790, at \*\*15-21 (Tex. App.–Austin Sept. 22, 2005) (mem. op., not designated for publication), *rev'd on other grounds*, 245 S.W.3d 458 (Tex. Crim. App. 2008). In *Martinez*, the First District Court of Appeals found that such an error was not egregious even though the State misrepresented to the jury in voir dire that it need not be unanimous, where the misstatement was not

repeated and the trial court had stated during voir dire, "You all have to agree for there to be a verdict. . . . You all have to be in agreement." *Martinez*, 190 S.W.3d at 260-61. In the other cases cited by the State, it seemed important to the court that in each of them no one affirmatively told the jury that it need not be unanimous as to a specific criminal act. *See Ruiz*, 272 S.W.3d at 825; *De Los Santos*, 219 S.W.3d at 78-79; *Martinez*, 212 S.W.3d at 421; *see also Villareal*, 2007 Tex. App. LEXIS 9503, at *11. The opinions also discuss that the theory of the defense was not that the abuse did not occur, but that the defendant did not do it; that the defendant had not urged that he had committed some, but not all, of the alleged acts; or that the defendant did not differentiate between the different acts alleged. *See Ruiz*, 272 S.W.3d at 826 (noting that the defendant did not argue that he was guilty of only some of the allegations; his theory was that he did not commit any of the alleged conduct); *De Los Santos*, 219 S.W.3d at 79 (stating that the defendant did not contest that complainants had been sexually abused; rather, his defensive theory was that he was not the abuser; and further stating that the defendant did not assert that he was guilty of only some of the alleged acts, nor did he attempt to differentiate between different acts); *Martinez*, 212 S.W.3d at 421 (providing that the defendant did not argue that he was guilty of some of the acts alleged, but not others; his defense was that he did not commit any of the alleged conduct; he did not differentiate between separate acts; and the jury had an all or nothing decision-either defendant was guilty or was not guilty.); *Martinez*, 190 S.W.3d at 261 (stating that the defendant impugned the veracity of the complainant, questioned physical evidence, and did not differentiate among various alleged acts); *Villareal*, 2007 Tex. App. LEXIS 9503, at **12-13 (noting that where defendant's defensive strategy was to undermine the complainant's credibility, there was nothing to suggest that the jury, which unanimously found defendant guilty of one count, would harbor a reasonable doubt as to

16

the other charges); *Warner*, 2005 Tex. App. LEXIS 7790, at *21 (providing that defendant contended that inconsistencies in the record could not be reconciled and that "it never happened" and holding that it is evident that the jury simply did not believe the defense case).

As in most of these other cases, no one in this case ever told the jury that it need not be unanimous as to a specific criminal act. However, the lack of an affirmative misrepresentation that the jury does not need to be unanimous does not preclude a charge error from being egregious where, as here, the jury charge error deprives the appellant of the valuable right to a unanimous jury verdict. *Stuhler*, 218 S.W.3d at 719 20.

In final argument, when discussing the facts of the case, Cosio's counsel raised questions as to the credibility of the complainant's testimony and as to whether the evidence was adequate to show Cosio's guilt of the charges beyond a reasonable doubt. He discussed each of the occasions of improper conduct concerning which the complainant testified, but he did not discuss in detail the individual acts involved. While the State's attorney mentioned the details of some of the incidents about which the complainant had testified, he said nothing to indicate he was relying on only one specific incident per alleged act. The holdings of the courts which have held charge error such as that in this case not to be egregious, apparently because of their belief that the defendant in each case had not actually been denied a unanimous verdict, appear to be based on the idea that, in such cases, the jury had a choice of either acquitting a defendant of all charges or convicting him of all the charges. The inference is that because the jury found the complainant credible when it unanimously found that the defendant committed one of the acts testified to by the complainant, though not necessarily the same act, it reasonably follows that the jury unanimously found that the defendant committed all of the acts

17

testified to by the complainant. This assumption is not reasonable. A juror could believe the complainant in part and not believe the complainant in part. Cosio had the valuable right, with respect to each of the four charges submitted, to require, in order to support a conviction, that the jury unanimously find that he committed a single criminal act meeting the allegations of the indictment. Where, as here, there is more than one accusation by the complainant that meets the allegations of the indictment, it does not follow that if the jury unanimously believed that one of the complainant's accusations is true, although not necessarily the same one, it unanimously believed that all of the complainant's accusations are true, so that the defendant was not actually deprived of the right to a unanimous verdict. Given the entire state of the record, we are unable to determine that the jury unanimously found that Cosio was guilty of any single criminal act, as required for a conviction. Consequently, we conclude that the jury charge error in this case deprived Cosio of his valuable right to a unanimous jury verdict.

In *Clear v. State*, we held that to conclude that such a charge was not egregious because the jury would surely have found the appellant guilty of all the offenses, if it had been given the opportunity, would put us in the place of the jurors and would deprive the appellant of his right to a guilty finding by a unanimous jury. *Clear v. State*, 76 S.W.3d 623, 624 (Tex. App.–Corpus Christi 2002, no pet.). *Clear* is distinguishable from this case because in that case the State erroneously argued that the jury need not be unanimous. *Id.* at 623-24. However, despite the lack of such an argument in this case, we still have no way by which to determine that the jury actually found, unanimously, that Cosio was guilty of any one specific criminal act.

In its discussion as to whether Cosio suffered egregious harm, the dissent is correct that there are some things, such as preliminary factual issues, about which the jury need

18

not be unanimous. However, as noted in *Ngo*, the jury must be unanimous as to which single, specific criminal act the defendant committed. *Ngo*, 175 S.W.3d at 748.

We do not agree with the dissent's suggestion that merely requiring an instruction to the jury informing them of this requirement would make the prosecution of ongoing sex crimes involving children prohibitively difficult. We also note that, since the opinon in *Ngo*, the legislature has adopted section 21.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 21.02 (Vernon Supp. 2009). Section 21.02 provides that a person commits an offense if, during a period that is 30 or more days in duration, a person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims, where, at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. *Id.* § 21.02(b). Under that section, members of the jury are not required to unanimously agree on which specific acts of sexual abuse were committed by the defendant, or the exact date when the acts were committed, but must only agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse. *Id.* § 21.02(d). It would appear that this statute would not require, in a case such as the one at bar, an instruction that the jury be unanimous as to any specific criminal act.

The dissent suggests that because there were four instances of misconduct and four charges, the jury would not have been confused as to which counts corresponded to which evidence. However, we have pointed out in this opinion that although there were four specific occasions of misconduct, evidence was presented that Cosio had committed more than one criminal act in support of each of the four charges submitted. We do not conclude, as does the dissent, that the four charges submitted were each referable to only

one specific criminal act. Reviewing the record as required by *Almanza*, as noted in the opinion, we have concluded that the error was egregious because, in view of there being more than one criminal act to support each of the four charges, in view of the fact that one cannot determine that a submitted charge related to only one single criminal act, and in view of the charges' failure to inform the jury that it must be unanimous as to a specific criminal act, Cosio was deprived of a valuable right, his right to a unanimous jury verdict. We therefore sustain issue one. In view of our determination of this issue, we need not consider the remaining issues presented by Cosio. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the judgment with respect to one of the convictions for indecency with a child by contact and remand for the entry of a judgment of acquittal. We reverse the judgment with respect to the remaining convictions and remand to the trial court for further proceedings.

JOHN G. HILL
Justice

Dissenting/Concurring Opinion by
Justice Dori Contreras Garza.

Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
23rd day of August, 2010.

20