

## NUMBER 13-08-00189-CR

## COURT OF APPEALS

## THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JESUS E. COSIO,**                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

### On appeal from the 139th District Court of Hidalgo County, Texas.

### OPINION ON REMAND EN BANC

### Before the Court En Banc
### Opinion on Remand by Justice Hill[1]

Appellant, Jesus E. Cosio, appeals his convictions by a jury for the offenses of

aggravated sexual assault of a child and indecency with a child by contact. *See* TEX.

PENAL CODE ANN. §§ 21.11, 22.011(a)(2) (West Supp. 2010). The jury assessed his

---

[1] Retired Second Court of Appeals Justice John Hill was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (West 2005).

punishment for two counts of aggravated sexual assault of a child at fifteen years' and twenty-five years' confinement, respectively, in the Texas Department of Criminal Justice—Institutional Division ("TDCJ—ID"). Additionally, the jury assessed his punishment for two counts of indecency with a child by contact at ten years' confinement in the TDCJ—ID with a fine of $5,000 for each of the counts. The imposition of the sentence of confinement for indecency with a child by contact was suspended, and Cosio was placed on community supervision for ten years, with the fine to be paid as one of the conditions for community supervision. All of the sentences were ordered to run concurrently.

In seven issues, Cosio contends that: (1) the jury charge contains egregious error because it allowed for convictions that were not unanimous (issue one); (2) his trial counsel was ineffective in not ensuring that extraneous offense instructions were given to the jury, by not preparing for the punishment hearing, in not calling a witness to testify, and in not objecting to the reading back of the complainant's testimony (issues two, four, five, and six); (3) the evidence is legally and factually insufficient to support his convictions for indecency with a child by contact (issue three); and (4) the trial court erred in not granting a new trial due to a witness conversing with two jurors (issue seven).

In an earlier opinion, we sustained issue three in part and overruled issue three in part, finding that the evidence was legally and factually sufficient to support Cosio's conviction for one count of indecency with a child by contact, but that the evidence was legally insufficient to support his conviction for another of the counts of indecency with a child by contact. *Cosio v. State*, 318 S.W.3d 917, 920–21 (Tex App.—Corpus Christi

2

2010), *rev'd on other grounds*, *Cosio v. State*, No. PD-1435-10, 2011 Tex. Crim. App. LEXIS 1259 (Tex. Crim. App. Sept. 14, 2011).  Cosio did not present any challenge to the sufficiency of the evidence supporting his convictions for the offense of aggravated sexual assault of a child.

In our earlier opinion, we sustained issue one as to the convictions for indecency with a child by contact and for aggravated sexual assault of a child because the jury charge was erroneous in that it allowed for a non-unanimous verdict concerning what specific criminal act the defendant committed.  318 S.W.3d at 923.  Finding that Cosio was egregiously harmed because he was deprived of his right to a unanimous jury verdict, we reversed and remanded for further proceedings.  *Id.* at 926, 929.  The Texas Court of Criminal Appeals reversed and remanded this cause for our consideration of the other issues raised by Cosio, approving of this Court's finding that there was charge error which had not been waived, but holding that in view of the record, Cosio suffered no actual harm.  The court noted that, given that the complainant's testimony was not impeached, it was highly likely that the jury's verdicts were unanimous.  *Cosio*, 2011 Tex. Crim. App. LEXIS 1259 at *22-25.  We now consider Cosio's remaining issues on appeal.

Cosio contends in issue seven that the trial court erred in not granting a new trial due to a witness conversing with two jurors.  Article 36.22 of the Texas Code of Criminal Procedure provides that "no person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."  TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006).  We review a trial court's ruling on a motion for

new trial based on jury misconduct for an abuse of discretion. *Sneed v. State*, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984) (en banc).

Appellant's brother, Fernando Cosio, testified at the hearing on appellant's motion for new trial that, on the morning when the jury assessed punishment, he saw Orlando Esquivel and Maggie Hinojosa, both assistant district attorneys, present at a conversation between two jurors and the mother of the complainant. He acknowledged that he did not mention it to his brother's attorney or to anyone else until about a month later, when he mentioned it to his brother's new attorney, Reynaldo Merino.

Hinojosa testified that she was not present at the time of any such conversation. Affidavits of other witnesses to the alleged conversation were introduced into evidence. Neither Fernando Cosio's testimony nor any of the affidavits show that there were any discussions about the case. Because there was no showing of any improper discussion of the case, we hold that the trial court did not abuse its discretion by denying Cosio a new trial on the basis of this alleged conversation. *See id.*

Cosio urges that there was a presumption of harm and that the State failed to rebut the presumption. However, as acknowledged in Cosio's brief, the presumption of harm arises only when a juror converses with an unauthorized person about the case. *See Quinn v. State*, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997). *Alba v. State,* 905 S.W.2d 581, 587 (Tex. Crim. App. 1995), the other case cited by Cosio, refers to a presumption of injury arising merely upon a showing that there was a conversation between a juror and an unauthorized person. *Id.* However, *Quinn* and other more recent opinions state that the presumption of harm arises only when a juror converses with an unauthorized person about the case. *See Gamboa v. State*, 296 S.W.3d 574,

4

584 (Tex. Crim. App. 2009); *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000).  We overrule issue seven.

Cosio urges in issue two that his trial counsel was ineffective in not ensuring that extraneous offense instructions were given to the jury.  In order to establish a claim of ineffective assistance of counsel, Cosio must show that:  (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As we pointed out in our original opinion, the State presented evidence of more than one act establishing Cosio's guilt of the various offenses alleged by the indictment and submitted by the charges to the jury.  Cosio contends in his brief that the acts proved in excess of the number of charges alleged by indictment or submitted by the charges to the jury constitute extraneous offenses.  However, inasmuch as Cosio made no motion seeking to require the State to elect which acts it was relying on to prove the charges submitted to the jury, the jury was free to consider any of the various acts presented by the evidence that were consistent with the charges submitted to the jury to establish Cosio's guilt.  That being the case, evidence of those acts did not constitute evidence of an extraneous offense.

The only other possible extraneous offenses to which Cosio refers is evidence of something that occurred in Monterrey and a threat he made to the complainant that he was going to come for her family if she ever told anyone about what he had done.  During her testimony, when asked if anything else had happened, the complainant replied, "When we went to Monterrey?"  After defense counsel began to make an

5

objection, the State stated that it was asking the complainant about what happened in Mission. There was no evidence of any misconduct by Cosio in Monterrey. With respect to evidence of the threat, such a threat is probative of guilt. *Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex. Crim. App. 1979); *Peoples v. State*, 874 S.W.2d 804, 809 (Tex. App.—Fort Worth 1994, pet. ref'd). Consequently, there would be no basis for a limiting instruction with respect to that threat. As Cosio has failed to refer us to any evidence that would properly be subject to a limiting instruction, we overrule issue two.

Cosio urges in issue four that his trial counsel was ineffective by not preparing for the punishment hearing. At Cosio's motion for new trial hearing, his trial counsel said that he did not expect his client to be found guilty and that he did not have any prepared punishment evidence. When asked if he had prepared at all for the punishment phase, counsel testified that, during the half-hour allowed by the court, he spoke to family members. He said he requested to start the punishment phase the next day, but the trial court decided to go forward on the same day. The record is silent as to counsel's conversations with family members. Cosio makes no suggestion as to what punishment evidence should have been introduced that was not introduced due to his trial counsel's alleged lack of preparation of evidence. Given these facts, even if counsel's failure to prepare punishment evidence constituted representation falling below an objective standard of reasonableness, Cosio has failed to show that, but for counsel's error, the result of the proceeding would have been different. We overrule issue four.

Cosio insists in issue five that his counsel was ineffective in failing to recall the complainant's mother to testify that he shaved his pubic hair, in light of the complainant's testimony that he had pubic hair. At the hearing on the motion for new

6

trial, Cosio's trial attorney testified, "I – I remember in the file, in preparation for the trial, reading a statement by [complainant], the victim, her mother stating that the defendant, my client, would shave his pubic hair."  This testimony does not show that the complainant's mother, if called to the stand to testify, would testify that Cosio's pubic hair was shaved at the time the complainant testified that he had pubic hair.  Therefore, there is no showing that counsel was ineffective for not recalling the complainant's mother to the stand, or, if he were, that the result of the proceeding would have been any different.  We overrule issue five.

Cosio argues in issue six that his counsel was ineffective for not objecting to having testimony read back to the jury where the jury did not indicate that there was a disagreement or dispute.  During the jury's deliberations, the jury presented a note asking for certain testimony to be read back to them.  After clarifying certain portions they wished to have read back, those portions were read back to the jury without objection.  The record contains no indication that there was any disagreement or dispute among the jurors regarding the portion of the testimony that was to be read back.

Article 36.28 of the Texas Code of Criminal Procedure provides that:

> In the trial of a criminal case in a court of record, if the jury disagrees as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or [sic] the particular point in dispute and no other; . . . .

TEX. CODE CRIM. PROC. ANN. art. 36.28 (West 2006).

During the hearing on Cosio's motion for new trial, his trial counsel testified that the juror's note requesting that testimony be read back did not indicate that the jury was

7

in disagreement. Counsel indicated that he did not object to the fact that there was no indication of a dispute stated by the jury because he did not think to do it.

A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under article 36.28. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). If Cosio's counsel had objected, it is likely that the trial court would have determined whether there was a disagreement or dispute before reading the testimony to the jury. If there were, there would be no error in reading the testimony to the jury. If the trial court determined that there was no dispute but read the testimony to the jury anyway, there would be error. If the trial court's error were determined to be harmless, it could not be said that, but for trial counsel's failure to object, the result of the proceeding would have been different.

We will therefore determine whether, had Cosio's counsel objected to the reading back of the testimony and the testimony was read back even though no disagreement or dispute were shown, any error would have been harmless. In making that determination, we will examine (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State; (4) its probable collateral implications; (5) whether declaring the error harmless would encourage the State to repeat it with impunity; and (6) other relevant factors such as the overwhelming evidence of guilt and its "interaction with the other evidence." *DeGraff v. State*, 944 S.W.2d 504, 507–08 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 962 S.W.2d 596 (Tex. Crim. App. 1998).

The trial court erred by not ascertaining, prior to reading back the complainant's testimony, whether the jury had a disagreement or dispute concerning that testimony.

The error, occurring as it did after arguments had concluded, was not emphasized by the State. The rereading of the complainant's testimony bolstered the State's case. It has been held that our declaring such an error harmless would encourage the State to repeat it with impunity. *Id.* at 507. However, the evidence of Cosio's guilt, as outlined in our prior opinion, was overwhelming. Unlike the evidence in *DeGraff*, the evidence was not conflicting. We hold that, considering all of these factors, even if counsel had objected and the trial court had erroneously overruled the objection because there was no disagreement or dispute, the error would have been harmless. That being the case, Cosio has failed to show that, but for any error in his counsel's failure to object to reading back the testimony because of there being no showing of a disagreement or dispute, the result of the proceeding would have been different. We disagree with any contention by Cosio that the cumulative effect of any error by his trial counsel requires reversal. We overrule issue six.

The judgment is affirmed.

JOHN G. HILL
JUSTICE

Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of December, 2011.

9