

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,870-02

## EX PARTE JESUS E. COSIO, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-1844-07-C(2) IN THE 139TH DISTRICT COURT
## FROM HIDALGO COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and sentenced to imprisonment for fifteen and twenty-five years. He was also convicted of two counts of indecency with a child and placed on community supervision for ten years.

The court of appeals reversed one of Applicant's indecency with a child convictions and remanded this case for the entry of a judgment of acquittal. In that proceeding, the court of appeals also reversed the judgments with respect to the remaining convictions and remanded this case for

further proceedings. *Cosio v. State*, 318 S.W.3d 917 (Tex. App.—Corpus Christi 2010). We reversed the judgment of the court of appeals and remanded this case so that the court of appeals could address Applicant's remaining points of error. *Cosio v. State*, 353 S.W.3d 766 (Tex. Crim. App. 2011). On remand, the court of appeals affirmed the judgments of conviction. *Cosio v. State*, 358 S.W.3d 762 (Tex. App.—Corpus Christi 2011).

Because Applicant was placed on community supervision in his indecency with a child cases, his convictions are not final for purposes of Article 11.07 of the Code Criminal Procedure. *See Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim. App. 1987) ("Here because applicant was granted probation, there is no final conviction [for purposes of Article 11.07 of the Code of Criminal Procedure]"). We, therefore, decline to review Applicant's grounds relating to these convictions.

In his aggravated sexual assault cases, Applicant contends that his trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims in grounds three, eight, ten, eleven, thirteen, and fourteen. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in response to Applicant's claims in grounds three, eight, ten, eleven, thirteen, and fourteen. The trial court shall determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 24, 2016
Do not publish